IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA ALBERTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-12-1119-C |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**<u>O R D E R</u>**

The Court referred this action for judicial review of the Commissioner's denial of disability insurance benefits to United States Magistrate Judge Suzanne Mitchell, consistent with 28 U.S.C. § 636(b)(1)(B). Judge Mitchell issued a Report and Recommendation on July 24, 2013, recommending reversing and remanding the Commissioner's decision for a failure of the Administrative Law Judge ("ALJ") to discuss all of the relevant medical evidence in the record and explain what weight he gave to each source. The Commissioner timely objected and this Court now considers the matter de novo.

The ALJ has a "duty to give consideration to all the medical opinions in the record" and "must also discuss the weight he assigns to such opinions." <u>Keyes-Zachary v. Astrue</u>, 695 F.3d 1156, 1161 (10th Cir. 2012). Contrary to this rule, the ALJ's sole discussion of the medical evidence of record consisted of two sparse paragraphs denoting Plaintiff's condition

---

[1] Effective February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

and stating that the ALJ "'generally concurs'" with the state agency medical consultants. (Report & Recommendation, Dkt. No. 24, at 5.) Judge Mitchell therefore found "that the discussion of the medical evidence is so scarce that it is unclear what weight the ALJ gave any evidence or how he reached his RFC findings." (Id.) The Commissioner objects to Judge Mitchell's finding, repeating her earlier arguments that the ALJ's decision should be affirmed because there were no conflicting treating physician opinions in the record, only treatment notes that fail to include any functional restrictions. The Court agrees with Judge Mitchell that this argument is a "'post hoc effort to salvage the ALJ's decision.'" (Id. at 6, quoting Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004).) Although the ALJ could have discussed and then discarded the treatment notes as failing to constitute a "medical opinion" for the purpose of a disability determination, the ALJ failed to do so.

Accordingly, the Court hereby ADOPTS Judge Mitchell's Report and Recommendation (Dkt. No. 24) and REMANDS this matter back to the Commissioner for further proceedings consistent with this opinion.[2]

---

[2] Additionally, the Court notes that a recent decision of the Tenth Circuit, Wells v. Colvin, 727 F.3d 1061 (10th Cir. 2013), requires remand. In Wells, the Circuit reinforced that an ALJ must "consider and discuss [a claimant's medically determinable mental impairments" as part of his residual functional capacity (RFC) analysis at step four," even if the ALJ determined at step two that the claimant's mental impairments are "'not severe.'" Id. at 1064. Specifically, the ALJ may not "simply rely on his finding of non-severity as a substitute for a proper RFC analysis" and the "'RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence.'" Id. at 1065 (citation omitted). In this case, the ALJ discussed Plaintiff's anxiety and depression but found insufficient objective medical evidence to quantify either disorder as a "severe" impairment. In step four, when assessing Plaintiff's RFC, the ALJ did not discuss the impact, if any, of these "non-severe" impairments. This, too, should be considered on remand.

IT IS SO ORDERED this 19th day of November, 2013.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge